## GLASS v. STATE. (6 Div. 66.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

Criminal law ⊂⊃1147—Discretion of court, in conducting inquiry of accused after conviction to fix punishment, not reviewable, unless abuse shown.

Inquiry by the court regarding a convicted defendant in open court, for the purpose of determining what punishment should be fixed, and having to do with the habits, livelihood, manner of living, and general character of accused, is well within the court's discretion, and, in the absence of abuse, its exercise will not be reviewed.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

B. F. Glass was convicted of having prohibited liquors in his possession, and he appeals. Affirmed.

London, Yancey & Brower and Ed. Copeland, all of Birmingham, for appellant.

It is the duty of the appellate court to review the conclusions and judgment of the trial court in a criminal case, without any presumption in favor of the court below. Acts 1915, p. 939.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was tried before the court without a jury. No exceptions were had during the trial. The judgment of the court was that the defendant is guilty. The court delayed fixing the punishment until the afternoon, when the defendant appeared with his attorney, and the court proceeded to make certain inquiries regarding the defendant, for the purpose of determining what punishment should be fixed. This inquiry was had in an informal way in open court; and related to the defendant's habits, livelihood, manner of living and general character. This inquiry was well within the discretion of the court, and in the absence of any abuse of this discretion will not be reviewed.

Affirmed.